IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00139-KDB-DCK

| | |
|---|---|
| CAROLINA LANDMARK REALTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT LINEBERGER,<br><br>Defendant. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion to Dismiss and Remand, which Defendant opposes. (Doc. Nos. 6, 8).[1] The Court has carefully considered this motion, the parties' briefs and exhibits, and other relevant pleadings of record. As discussed below, the Court finds that it lacks jurisdiction in this case, and the case should therefore be remanded to the North Carolina Small Claims Court of Iredell County from which it was removed. Accordingly, the Court will **GRANT** the motion to remand and not reach Plaintiff's motion to dismiss, which must be resolved by the state court.

I.     LEGAL STANDARD

When faced with a motion to remand, a party seeking removal to federal court bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1986)); *Griessel v. Mobley*, 554 F.Supp.2d 597, 600 (M.D.N.C. 2008). Removal jurisdiction raises

---

[1] The Court need not and does not reach Third Party Defendant Warren Goforth's Motion to Dismiss (Doc. No. 7), which also should be decided by the state court to which this matter is being remanded.

1

significant federalism concerns; therefore, strict construction of the statutory procedures for removal is required. *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Indeed, the Fourth Circuit has repeatedly emphasized that courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction*." Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)); *see also Mulcahey,* 29 F.3d at 151.

## II. FACTUAL BACKGROUND

In May 2023, Defendant Lineberger entered a residential rental contract with ASU Capital, LLC for a single-family home in Statesville, North Carolina. Plaintiff Carolina Landmark Realty, LLC ("Carolina Landmark") is the real estate management firm and agent of ASU Capital as stated in the lease. (*See* Doc. No. 6-1). Just a few months later, in August 2023, Carolina Landmark instituted Summary Ejectment proceedings against Lineberger in Iredell County, North Carolina for failure to pay rent (as well as for alleged misstatements in his lease application). On August 29, 2023, a Judgment in Action for Summary Ejectment in favor of Carolina Landmark Realty was signed by the presiding Magistrate in Iredell County, who also ordered Lineberger to pay $3,530.13 in back rent. (*See* Doc. No. 6-4).

Shortly thereafter, on September 7, 2023, Lineberger, acting *pro se*, removed the state court proceedings to this Court, purportedly "pursuant to Title 28 U.S.C. Section 1443, 28 U.S.C. 1331." In support of removal, he alleged that his counterclaims under three federal statutes – the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and the Fair Housing Act – give

this Court jurisdiction. Carolina Landmark then filed its motion to remand and dismiss. Both sides have now fully briefed the motion, which is ripe for the Court's decision.[2]

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994). Generally, federal courts have jurisdiction over cases that arise under federal law pursuant to 28 U.S.C. § 1331, and cases involving diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Home Depot U.S.A., Inc v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Lineberger asserts that this Court has jurisdiction over this action based only on his counterclaims which arise under federal law. He also asks that the Court take pendant jurisdiction over the parties' state law Summary Ejectment proceedings. However, a party cannot remove state proceedings pursuant § 1331 by alleging counterclaims involving questions of federal law. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U. S. 826, 830-832, (2002) (stating removal based upon a counterclaim would eviscerate the precept that a plaintiff is the master of their complaint, expand removal well beyond its intended scope, and would compromise the efficient application of the well-pleaded-complaint doctrine to resolve jurisdictional conflicts); see also *Home Depot*, 139 S. Ct. at 1746 (denying removal pursuant to § 1331 in cases involving third-party counterclaim defendants). Therefore, the Court does not have jurisdiction over this matter, which must be remanded to the state court.

Further, Carolina Landmark requests that the Court award costs, including attorneys' fees, against Lineberger pursuant to 28 U.S.C. § 1447(c). It contends that the removal of this matter was "frivolous" based on a previous case in which Lineberger unsuccessfully removed a similar state

---

[2] Anxious to obtain a ruling which allows it to proceed with ejectment, Carolina Landmark filed a motion to "expedite" the Court's ruling. (Doc. No. 10). This motion will be denied as moot.

3

court rent dispute to this Court. *See Betty Jean Robinson v. Vincent Lineberger*, Case No. 3:21-cv-00622.[3] While the Court agrees with Plaintiff that Lineberger's goal in removing this matter was to delay his ejectment, and certainly wants to discourage litigants from wrongfully using the federal courts to avoid their rental obligations, it cannot conclude this removal was "frivolous." Mr. Lineberger's earlier action was removed based on alleged diversity jurisdiction, with the Court noting that no federal question had been alleged. *Robinson v. Lineberger*, Case No. 3:21-cv-00622, at Doc. No. 6. Here, he has alleged federal causes of action, albeit in counterclaims. Although the assertion of federal claims as counterclaims is insufficient to support jurisdiction, Lineberger's failure as a *pro se* litigant to know that legal rule does not in these circumstances justify imposition of attorneys' fees under Section 1447(c). *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) (holding that a party may be liable under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal"); *In re Crescent City Ests., LLC*, 588 F.3d 822, 830 (4th Cir. 2009) (refusing to award attorneys' fees under Section 1447 against counsel in part because "[e]rroneous removal need not entail misconduct….Erroneous removal might very well be the result of an honest but forgivable mistake of legal judgment …").

To be clear, Mr. Lineberger has now twice erred in removing actions to this Court. In the unfortunate event that he finds himself again involved in a non-removable state court rental dispute but still removes it to this Court to delay imposition of the state court judgment then the Court

---

[3] Carolina Landmark also cites *Mecklenburg County v. Vincent Lineberger*, Case No. 3:18-cv-00067 as evidence of Lineberger's history of "frivolous" removals. However, that case involved the removal of a tax foreclosure dispute, which was remanded because it had already been resolved in bankruptcy court. While Lineberger's litigiousness is evident from his appeal of the District Court's plainly correct ruling, this matter appears to be of a different character than the removal of his rental disputes.

expects that the matter will not only be promptly remanded to state court, but that costs, including the landlord's attorneys' fees, will be awarded against him.

## IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Remand, Doc. No. 6, is **GRANTED;**
2. The Court does not reach the pending motions to dismiss, Doc. Nos. 6 and 7, which are administratively **DENIED**;
3. Plaintiff's Motion to Expedite is **DENIED** as moot; and
4. The Clerk is directed to remand this action to the Iredell County Small Claims Court and close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 31, 2023

Kenneth D. Bell
United States District Judge